**STATE, ex rel RAYDEL et, Plaintiffs-Appellees, v. RAIBLE, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 22654.   Decided October 1, 1952.

Corrigan, McMahon & Corrigan, Cleveland, for plaintiff-appellees.

William J. Kraus, Cleveland, for defendant-appellant.

## OPINION

Per CURIAM:

The appellee filed this motion seeking to dismiss the appeal for the reason that the order appealed from is not a final order.

The defendant was brought before a Justice of the Peace, on complaint for bastardy. The hearing, as provided by law, was had before the Justice at his office on Ontario Street in

downtown Cleveland, and not within the territory of the township in which the Justice was elected. A preliminary hearing was had without objection, and the defendant was recognized for trial to the Common Pleas Court of Cuyahoga County and bail given. Thereafter many preliminary matters were presented and determined by the Common Pleas Court in which the defendant, by counsel, appeared and took part. The defendant was then ordered to appear personally, or by counsel, and plead guilty or not guilty on or before April 26, 1952. After such order was made, the defendant, to-wit, on the 15th day of April, 1952, filed a demurrer directed to the claim that the common pleas court was without jurisdiction of the "subject matter" of the action. The plaintiff filed a motion to strike the demurrer for the reason that the defendant had not complied with the previous order of the court to plead to the complaint. The court granted the motion and the demurrer was stricken from the files and the case advanced for trial to Sept. 15, 1952. It is this order from which this appeal is taken.

The most that can be said for the order striking the demurrer from the files is that it was in fact an order overruling the demurrer. Such an order is not a final order and cannot be the subject of an appeal. An examination of the briefs filed in support of the demurrer discloses that there is no legal basis for the claim that the court is without jurisdiction of the "subject matter" of this action. Both a Justice of the Peace and the Common Pleas Court are vested by law with jurisdiction to hear a complaint in bastardy, the Justice of the Peace to cause the arrest of the defendant upon complaint properly filed, and upon preliminary hearing when and if there is evidence to support the complaint, to bind the defendant over to the common pleas court to hear and finally determine his guilt or innocence. (Secs. 12110 et seq., now 8006-1 to 24, inclusive, GC.)

An examination of this record seems to indicate a studied purpose to prevent a trial of this case on its merits. It could not be said, therefore, that an attempt on the part of the court to set the case for trial at a reasonable date, or in striking a demurrer which is without legal foundation, conceivably filed for purpose of delay, could thus be guilty of an abuse of discretion.

For the reason, therefore, that the order appealed from is not a final order, the motion is granted and the appeal is dismissed. Exc.

SKEEL, PJ, HURD, J; THOMPSON, J, concur.